IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LUCAS MONROE                                                    PLAINTIFF

V.                         CASE NO. 3:19-cv-03045

LIEUTENANT ZELOR; and
CORPORAL MONTROZE                                               DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff filed his Complaint and Application to Proceed *In Forma Pauperis* ("IFP") on June 24, 2019. (Docs. 1, 2).

Also on June 24, 2019, this Court entered an Order noting that Plaintiff "failed to submit an account certificate completed by appropriate detention center personnel" and giving him until July 17, 2019 to either complete the IFP application and return the application to this Court for review and filing or pay the filing fee. (Doc. 3). Plaintiff was advised that failure to complete the IFP application or pay the filing fee would subject the complaint to dismissal "without further notice, for failure to obey an order of the Court." *Id.* Plaintiff was also advised that he is required to immediately inform the Court of any change of address and that "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." *Id.*

On July 9, 2019, mail to the Plaintiff was returned to the Court marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (Doc. 5). Although the Plaintiff has not provided the Court a new address, the Court forwarded the mail to the address provided on the Complaint.

1

At this point, Plaintiff has failed to return a complete IFP application and has failed to pay the required filing fee. *Pro se* pleadings are to be construed liberally; however, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

For the reasons set forth above and pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED on this 13th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE